### GARDNER v. UNION CENTRAL LIFE INS. CO.[*]

*(Circuit Court, S. D. Ohio.   December, 1880.)*

1. **LIFE INSURANCE — INTEREST UPON LOANS—PREMIUMS—POLICY CONSTRUCTION—FORFEITURE.**

   Where a paid-up policy for $1,500, issued on the surrender of a previous policy, recited as a part of the consideration for its issuance "the annual interest of $24.18 to be paid on or before the twenty-eighth day of October in every year during the continuance of this policy, and of all loans outstanding" thereon, and acknowledged the receipt of a sum entitling the assured, under the original policy, to a paid-up policy for $1,500, the following indorsements appeared upon the policies: On the original, "Loans out, $403;" and on the paid-up policy, "Loans outstanding on Cint. Mutual policy 1789, surrendered, $403;" and there was no other evidence as to how the amount of interest was arrived at, or the condition in which the principal was held. The policy provided that the non-payment of "*premiums,* * * * on or before the day upon which they became due," forfeited the policy; and the annual interest was not paid. *Held*, that the sum of $403 was a loan, and that the annual interest stipulated for was not a premium, the non-payment of which would forfeit the policy.

The policy sued on was a paid-up endowment policy. It matured on the twenty-eighth of October, 1879, during the life of the assured.

*Reported by Messrs. Florien Giauque and J. C. Harper, of the Cincinnati bar.

The case was submitted to the court on an agreed statement of facts. From that it appeared that no interest had been paid after the paid-up policy was issued. The other facts appear in the opinion.

*L. H. Swormstedt,* for plaintiff.

*Matthews, Ramsey & Matthews,* for defendant.

SWING, D. J.   This is an action brought by the plaintiff upon a policy of insurance issued by the defendant to the plaintiff on the thirtieth day of December, A. D. 1872. The policy says that "this policy of insurance witnesses that the Union Central Life Insurance Company, in consideration of the surrender of Cincinnati Mutual policy 1789, the representations made to them in the application for this policy, and the sum of $1,598.70 to them in hand paid by Catherine, wife of Thomas J. Gardner, on policy No. 1789, paid on the non-forfeiture plan, and which policy and dividends are this day surrendered, and by agreement thereon replaced by this present policy, and of the annual interest of $24.18 to be paid on or before the twenty-eighth day of October in every year during the continuance of this policy, and of all loans outstanding upon this policy, do insure the life of Thomas J. Gardner in the amount of $1,500, without participation in profits, for the term of seven years, ending on the twenty-eighth day of October, 1879."

The policy contains a clause that it is issued and accepted upon the express conditions contained upon the back of the policy. The third of said conditions is that the premiums should be paid on or before the day upon which they became due at the office of said company in Cincinnati, or to their duly authorized agents, when they produce receipts signed by the president, vice-president, or secretary. And the eighth condition provides that in case of the violation of the foregoing condition, or any of them, * * * this policy should become void; and the ninth condition is that should this policy become null and void by reason of the violation of the foregoing conditions, or any of them, all payments made thereon shall be forfeited to said company. On the back of said policy is printed: "Loans on policy No.," and in figures

"10,148;" and below it, in print, "Doll.," and in writing, "Dec. 30, 1872, loans outstanding on Cint. Mut. policy 1789, surrendered, $403."

There is no proof in the case which shows what payments had been made by the assured under the policy surrendered, but by the terms of the policy it was provided that a paid-up policy should be issued upon its surrender for an equitable sum, which should be, for three years' premiums, at least $1,500.

The date of that policy was October 28, 1869, and the date of the present was the twentieth day of December, 1872; but payments of interest are provided for from the twenty-eighth of October, so that it is fair to say three years' premiums had been paid when this policy was issued. And, besides, the annual premiums upon the first policy were $532.90, and the amount acknowledged as received in this policy is $1,598.70, which is the amount of three years' annual premiums.

There is no testimony in the case, outside the policy of insurance, which shows how the sum of $24.18 interest provided to be paid was arrived at, or in what condition the principal upon which this interest was to be paid was held by the Cincinnati Mutual. There is upon the policy of that company a pencil memorandum of "Loans out, $403," and the indorsement upon the policy in suit hereinbefore referred to.

By the agreed statement of fact it is shown that the Union Central Life, by an agreement with the Cincinnati Mutual, assumed the liabilities of said company upon all its outstanding policies, and that in pursuance of said agreement the policy in suit was issued. The issuing of the new policy must, therefore, be treated as if the Cincinnati Mutual had issued to the parties a paid-up policy for the amount specified, for this policy is in fulfilment of their contract. If, at that time, the Cincinnati Mutual held the notes of the assured for a part of the annual premiums of the three years, and instead of requiring their payment transferred them to the Union Central Life, who, in issuing the new policy, instead of requiring their payment, agreed to treat them as a loan upon

the policy, requiring the assured to pay interest annually upon them, it certainly could not be claimed that such interest should be treated as a premium to be paid upon the paid-up policy. *Griggsby* v. *Ins. Co.* 10 Bush, 310. It would seem clear that the parties to this paid-up policy regarded this sum of $403 as a loan, and they made no provision for the forfeiture of the policy for the non-payment of the interest thereon; and it would be a strained construction to say that the interest provided for in the body of the policy was a premium, within the letter or spirit of the third condition, the non-payment of which would make a forfeiture of the policy which had been paid up. This construction works no injustice to the defendant, for its debt, with the interest, is a lien upon the policy; it must be deducted, and the plaintiff re-receives only the balance, which seems his equitable right. *Ins. Co.* v. *Ducker*, 95 U. S. 269.

Judgment for plaintiff for the amount of the policy, less the loan of $403, with interest thereon.